IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SONIA M. LANDRAU, EDUARDO GARCIA GARCIA, and the Conjugal Partnership Garcia-Landrau, and GARCÍA & LANDRAU ARQUITECTOS. **Plaintiffs,** v. JOSE E. SOLIS BETANCOURT, ADVANCE MAGAZINE PUBLISHERS, INC. d/b/a "Architectural Digest"; CONDE NAST PUBLICATIONS, INC.; PENELOPE ROWLANDS, DAN FORER, PAIGE RENSE, AMY R. CHARGIN, SERGIO RAMIREZ DE ARRELLANO, TERESA DEL VALLE, and their Conjugal Partnership; EL NUEVO DÍA INC. and Defendants John Doe(s) A - L; and Insurer(s) M – Z. **Defendants.** | CASE NO. 3:05-cv-02185-DRD COPYRIGHT/ TRADEMARK UNFAIR COMPETITION DECEITFUL ADVERTISING JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT**:

**COME NOW**, the Plaintiffs, Sonia M. Landrau, Husband, Eduardo García García, the Conjugal Partnership formed by these, and *Garcia & Landrau Aquitectos*, by and through undersigned counsel, very respectfully allege, state, and pledge the following:

**INTRODUCTION**

1

This action arises from Defendants' illegal use and exploitation, false description of origin, false copyright attribution and misleading and deceitful personal and professional representations and advertising, pertaining copyrighted architectural works and plans of **Mrs. Sonia M. Landrau's** authorship (hereinafter **Mrs. Landrau**), in which Mrs. Landrau as well as the architectural firm named *García & Landrau Arquitectos* and the conjugal partnership between Mrs. Sonia M. Landrau and Mr. Eduardo García García have an interest; all of which has been committed by Defendants for commercial, professional, financial and/or personal gain in detriment of Plaintiffs.

The above stated conduct violates: **(1)** Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) et se, **(2)** the Architectural Works Copyright Protection Act of 1990 & Copyright Act of 1976 as amended (17 U.S.C. §101 et seq.), **(3)** the Intellectual Property Law of Puerto Rico, **(4)** Unfair competition laws of Puerto Rico (10 L.P.R.A. §251 et seq.); **(5)** Visual Rights Act of 1990; **(6)** the Puerto Rico Civil Code, among other applicable state and federal laws, regulations, guidelines and provisions including Federal Trade Commission regulations.

## THE PARTIES

1. Plaintiff, **Sonia M. Landrau (hereinafter, Mrs. Landrau)**, is an architect who is now, and at all time mentioned in this complaint, a resident of Puerto Rico, residing at San Juan, Puerto Rico.

2. Co-Plaintiff, Mr. **Eduardo García García** (hereinafter, **Mr. García**), is the husband of Sonia Landrau and is and was at all relevant times her spouse, and is a citizen of Puerto Rico, residing in San Juan, Puerto Rico.

3. Co-Plaintiff, the **Conjugal Partnership** formed by the lawful marriage between Sonia M. Landrau and her husband, **Eduardo García García**, under the laws of the Commonwealth of Puerto Rico.

4. **Defendant,** *Advance Magazine Publishers, Inc. d/b/a under the trademark "Architectural Digest,"* is a corporation in the business of magazine publication, advertising and distribution, duly organized under the laws of Delaware, with principal place of business at The Conde Nast Building, Times Square, New York, NY, 10036, U.S.A.

5. **Defendant,** *Conde Nast Publications*, is a division of Advance Magazine Publishers, Inc., and is a corporation in the business of magazine publication, advertising and distribution, with principal place of business at The Conde Nast Building, Times Square, New York, NY, 10036, U.S.A.

6. **Defendant,** *Penelope Rowlands*, *(hereinafter Rowlands)* is an individual, who is a journalist and professional writer, whose work has appeared in various publications, and who resides in and is a citizen of U.S.A.

7. **Defendant,** *Dan Forer*, *(hereinafter Forer)* is an individual, who is a photographer, whose work has appeared in various publications, and who resides in and is a citizen of U.S.A.

8. **Defendant, Amy R. Chargin** is at our best knowledge the Assistant Editor for Advance Magazine Publishers, Inc., a resident of USA and is the person with control over the daily operations of the corporation.

9. **Defendant, Paige Rense** is the Editor-in-Chief for Architectural Digest, and is the person who at all relevant times of this cause of action and a resident of USA.

3

10. **Defendant *Mr. José E. Solis-Betancourt, (hereinafter Solis-Betancourt)*** is a an individual engaged in the business of interior design, with known residence in Washington DC, USA, and doing business in various states/territories of the U.S., including but not limited to, Washington DC and Puerto Rico.

11. *Defendant, Sergio Ramirez de Arrellano*, is an individual, and co-owner of the residence designed by Mrs. Landrau, and is a citizen of San Juan, Puerto Rico.

12. *Defendant, Teresa Del Valle*, is an individual, and co-owner of the residence designed by Mrs. Landrau, and is a citizen of San Juan, Puerto Rico.

13. **Defendants *John Doe A through L*** are persons and/or entities that have incurred in violations against Mrs. Landrau's copyrighted plans and architectural works, whose identities and/or names are unknown at this time. John Doe A through L, are the individuals that personally and intentionally decided to infringe and violate Mrs. Landrau's copyrighted plans.

14. Defendants *Insurance Companies M through Z* are the insurance companies that may have issued an insurance policy covering damages and risks alleged in this complaint, and whose names and addresses will be supplemented once their identity is determined.

15. The Plaintiffs reserve the right to include other parties that may be responsible for any damages related to this complaint.

## JURISDICTION AND VENUE

16. This court has jurisdiction pursuant to Section 1338 (a)(b) of the Judicial Code (28 U.S.C.S. § 1338(a)(b)).

17. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) to entertain the claims arising under Puerto Rico Law.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions leading to the claims asserted here occurred in this judicial district and the forum has minimum contacts with defendants, who have had benefit from this jurisdiction while doing business herein.

19. This cause of action is substantially based on an unfair competition claim in violation of section 43 (a) of the Lanham Act, 15 U.S.C. §1051, et seq., more particularly, under §1125(a); and the Copyright Act of 1976 (17 U.S.C. §101 et seq.). As such, there is jurisdiction of the court under 28 U.S.C. §1331 and §1338, for related state-law based claims of unfair competition, culpable conduct, and damages.

## GENERAL ALLEGATIONS

20. Plaintiff, Mrs. Sonia M. Landrau is a licensed architect, who has been providing her professional architectural design services for over 24 years, and whose works has been highly recognized.

21. Mrs. Landrau is the copyright holder of the architectural works and architectural plans titled as follows: "Ramirez De Arellano-Del Valle Residence" 2004 ©, Registration VAU618-010 and VAU618-011. (hereinafter, the ***Plan & Works***); (See **Exhibit 1**) .

22. Before the filing of this complaint, Mrs. Landrau complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the copyright of the work by applying for copyright registration, making the required deposits.

23. At all times pertinent to this complaint, Mrs. Landrau was and still is the sole proprietor of all rights, title, interests in and to the copyright of her architectural plan for the residence built for the Defendants, Mr. Sergio Ramirez de Arrellano and Mrs. Tere Del Valle.

24. Defendants, Advance Magazine Publishers, Inc. publish "***Architectural Digest***," by itself or through its sub-division, Conde Nast Publications, (hereinafter collectively referred to as "**AMP**") and *Architectural Digest* is touted as one of the world's leading architecture publication, whose monthly circulation has grown to an audience of over 5.2 million readers.

25. Defendants, AMP, caused confusion in the marketplace by falsely attributing Mrs. Landrau's architecture as that of Defendant **Mr. José E. Solis Betancourt**, in the article entitled "Taking the Cure," written by Penelope Rowlands, with photographs by Dan Forer (**Forer**), and edited by Amy Chargin (**Chargin**) and Paige Rense (**Rense**), released by **AMP** in **Architectural Digest, Issue No. Vol. No., on December 2003**, that was published and circulated through interstate commerce, reaching among other international forums, all US states and Puerto Rico.

26. Prior to the publication of this misleading and deceitful article, Mrs. Landrau, acting as an individual and on behalf of the architectural firm, and Co-Plaintiff,

6

Garcia & Landrau, rendered architectural services to the Defendants, Mr. Ramirez de Arrellano and Mrs. Del Valle, for their residence located at Guaynabo, Puerto Rico, at which time defendants had access to Mrs. Landrau's architectural plan and works.

27. Plaintiffs have never authorized, licensed or sold the use of the *Plan&Works* to any of the co-defendants for the purpose of publication, distribution, copy or preparation of derivative works.

28. Co-defendants, José E. Solis Betancourt (**Solis-Betancourt**), Sergio Ramirez de Arrellano and Teresa Del Valle had access to the *Plan & Works* and knew who was the creator and rightful owner, yet falsely reproduced, represented, informed others and credited only José E. Solis Betancourt as the architect, thereby contributing to likelihood of confusion in the marketplace.

29. Notwithstanding, based on their prior commercial relationship with José E. Solis Betancourt and their known responsibility as the producers of one of the most important architecture content publication, **the Defendants, AMP, Chargin, Reise and Forer** knowingly and/or recklessly depicted the works as that of Solis-Betancourt and wrongfully credited Defendant Solis-Betancourt as the author of the architectural work of Mrs. Landrau, thereby falsely attributing said work to Solis-Betancourt with the complicity of Defendants **Ramirez de Arellano & Del Valle**, all with the purpose of commercial and personal gain and the intent to deceive the perception of the readers worldwide, colleagues, competitors, consumers and neighbors.

30. **Co-defendant, AMP** made unauthorized use of the *Plan&Works* and wrongfully attributed and promoted Landrau's design without credit to Landrau but rather wrongfully designating José E. Solis Betancourt as the architect of *the Plan&Works*.

31. **Co-defendant**, **José E. Solis Betancourt** made unauthorized use and publication of Landrau's *Plan & Works* and has purportedly copied and prepared derivatives of such work and plan, to deceive consumers about the source and creator of the Work, for commercial purposes and to gain false recognition for the work of Mrs. Landrau, which was falsely attributed as his own.

32. **Co-defendants, Sergio Ramirez Arrellano and Teresa Del Valle, and the Conjugal Partnership,** made use of the *Plan& Works* to further promote the business and commercial gains of Co-Defendant, Solis-Betancourt and to ensure their chances of being published in the widely esteemed magazine, Architectural Digest as a featured residence.

33. **Co-defendant El Nuevo Día** negligently picked up the AMP December article and without no further diligence or investigation repeated the act of wrongfully crediting Defendant Solis-Betancourt for Landrau's **Work&Plan**, thereby contributing to the copyright holder's damages while wrongfully crediting José E. Solis Betancourt and further extending damages to Plaintiffs among the local marketplace.

34. **Co-defendants John Doe(s) A-L as herein identified,** participated as an entity and/or in his/her personal capacity by determining to violate and infringe Mrs. Landrau's *Plan*, and personally participated in processing, copying, duplicating

8

and distributing the *Plan* from the original sent by Mrs. Landrau, in reckless violation of the Copyright Law.

35. Furthermore, all **Co-defendants** acts violated Mrs. Landrau's rights in her architectural work by copying, publication, misidentifying, falsely attributing the content, creator, and source of such *the Plan*, violating the Copyright Act and Puerto Rico's "Ley de Derechos de Autor", Puerto Rico's Unfair Competition laws and the Visual Arts Rights Act.

36. **Defendants Rowlands, Forer, Chargin and Paige Rense** were in charge of the textual and visual content of the December 2003 edition of Architectural Digest and was ultimately responsible for the publication of the false and misleading article entitled, "Taking the Cure.", while falsely attributing Mrs. Landrau's work to Defendant Solis-Betancourt, who at the time was not a licensed architect in his state of residence nor in Puerto Rico.

37. Furthermore, the Defendants violated the Lanham Act by misrepresented the very fact that José E. Solis Betancourt was an architect at all, when at the time of publication, Solis-Betancourt was not even licensed to render architectural services anywhere in the continental U.S.A. or in Puerto Rico and Solis-Betancourt has had a long and close commercial relation with AMP for years.

38. Defendants' unfair trade practices and unlawful acts have a strong affect on interstate commerce, where Mrs. Landrau regularly provides architectural services to U.S. and international clientele and potentially has the capability of rendering her architectural services worldwide, and where the misleading and confusing

9

article was widely distributed in the U.S. and Puerto Rico, and available internationally on the Defendant's internet website.

39. The Defendants, AMP, Rowlands, Ferrer, Chargin and Rense as authors and editors of the article and Defendants, Solis-Betancourt, Ramirez de Arrellano, Del Valle as creators and/or contributors of the false content, have caused and are likely to cause confusion among prospective consumers of architectural services who are likely to falsely believe the Mrs. Landrau's services are actually those rendered by the Defendant, José E. Solis Betancourt.

40. Furthermore, Defendant Solis-Betancourt continues to use the reference to this Article to this day within the commercial advertising of his services online.

41. The specific acts of "reverse palming off," of Mrs. Landrau's work as his (Solis-Betancourt) own, causes confusion to current and prospective clients in the consuming public, and constitutes unfair competition that has caused, and continues to cause Plaintiff great and incalculable damage, including but not limited to damages under section 35(a) of the Lanham Act for harm to Plaintiff Mrs. Landrau and Plaintiff Garcia & Landrau's potential to render architectural services, to those that are misled or likely to be misled and confused by the offending article.

42. Defendants AMP/Conde Naste, Paige Reise, Solis-Betancourt, Ramirez de Arellano, Del Valle and Nuevo Día were all requested by Plaintiffs to correct their acts and correct the article and all failed and/or declined to investigate or print any retraction, or take any corrective action, after being informed of the false nature of

the and misleading nature of the article at issue, and the identity of the true architect for the work depicted, Mrs. Sonia M. Landrau.

43. All Defendant's above stated acts, omissions and conduct, their open disregard to investigate, amend, correct, rectify, publish a corrective editorial note and photographs or openly condemn the false representations on which the Article has been based, and disregard an extrajudicial remedy to Plaintiffs damages show great recklessness, obstinacy, knowingly malicious and negligent conduct, all which are grounds for the imposition of treble damages under the Lanham Act.

44. Consequently, and for the reasons stated above, defendants incurred in conduct constitutive of unfair competition in violation of the Lanham Act (15 U.S.C.A. §1125 (a)) and state unfair competition statutes, for which they shall be ordered to compensate the Plaintiff under the law.

**45.** Damages resulting from the Defendants' actions as set forth above, include, but are not limited to, recovery of undue personal damages in the form of mental anguish for all individual plaintiffs, profits for Mrs. Landrau and the Conjugal Partnership with husband Mr. García, damages to Ms. Landrau's *moral droit* and to the value of the integrity of the Plaintiffs' artistic creations, and damages to Mrs. Landrau and Garcia & Landrau's goodwill, and reputation and economic interest as architects.

## **RELIEF SOUGHT**

46. A preliminary and permanent injunction restraining Defendants, and all officers, agents, employees, attorneys, or any other persons in active concert and participation with either of them, from all unauthorized use and to cease and

desist from making any further use, copy, derivation, publication or distribution and/or false designation of Ms. Landrau's Plan & Works; as well as ordering corrective advertising in such manner as widely required by the initial publications, to mitigate the continued damages caused to Plaintiffs.

47. Preliminary and permanent injunction against Mr. José E. Solis Betancourt to cease and desist from practicing the profession of architecture without being dully licensed.

48. Compensatory damages in an amount no less than Three Million Dollars ($3,000,000.00);

49. Imposition of statutory attorneys fees and costs;

50. Plaintiffs also request that this Honorable Court, enter a judgment and order:

    a) Ordering each and every defendant to account, under oath or penalty of perjury, for all revenues and advantages derived by each of them through the unfair trade practices alleged herein;

    b) Adjudging and decreeing Plaintiffs' rights to recover from the Defendants such damages that appear proper to the Court as a result of Defendant's trade practices and unfair competition;

    c) Awarding prejudgment interest on loss profits and on statutory damages.

51. Grant to Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL

Plaintiffs demands a Trial by Jury based on their statutory and constitutional rights under the Seventh Amendment.

**WHEREFORE**, the Plaintiffs very respectfully request from this Court just and reasonable damages under the applicable statutes, for the Defendants' unauthorized, violation to state and federal laws and regulations, malicious, negligent acts and omissions, unfair trade practices, which have resulted in damages and legal expenses incurred by the Plaintiffs in pursuit of this cause of action.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 8th of May, 2006.

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM//ECF system which will send notification of such filing to the following: none, and hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

**CABRERA & RICO**
Attorneys At Law
867 Muñoz Rivera Ave, Suite D-403
San Juan, P.R. 00925
Tel.  (787) 754-9754
Fax (787) 753-5923
Email: sgr-usdc@cabrera-rico.com (For filing only)
Email: sgr@cabrera-rico.com(For communications)

**S/ Silvia G. Rico**
**Silvia G. Rico, Esq., USDC-PR 208101**
Raymond A. Cabrera, Esq., USDC-PR 208210
Luis G. Salas, Esq., USDC- PR 207806